This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39640**

**CATHERINE CONRAN,**

Plaintiff-Appellant,

v.

**SOUTHERN SANDOVAL COUNTY ARROYO FLOOD CONTROL AUTHORITY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**James A. Noel, District Judge**

The Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

James P. Lyle
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Plaintiff appeals from the district court's summary judgment order and order denying Plaintiff's motion to reconsider summary judgment. Unpersuaded that Plaintiff demonstrated error in her docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded to our notice with a memorandum in opposition, and Defendant has responded with a memorandum in

support. Having considered all the materials before us, we remain unpersuaded that the district court erred and affirm.

**{2}** In response to our notice, Plaintiff's memorandum in opposition points out evidence in the record that was contemplated by this Court in proposing summary affirmance: the timing of her termination; salary increases to a few employees; newly established one-time performance monetary incentives for employees; a new hire; vacant intern positions; and an alleged increase in expenditures the year after Plaintiff's termination. [MIO 3-4] Plaintiff does not explain with any particularity that this evidence establishes the presence of a material factual dispute about the legitimate, nondiscriminatory reason for Plaintiff's termination that Defendant presented to the district court, which was a comprehensive staff reorganization plan with long-term, cost-saving goals and whose formation began long before Plaintiff's discrimination charge. [1 RP 65-66, 71-72, 94, 133-38] *See Garcia-Montoya v. State of N.M. Treasurer's Office*, 2001-NMSC-003, ¶ 39, 130 N.M. 25, 16 P.3d 1084 (explaining that the employer must articulate a legitimate, nondiscriminatory reason for the adverse employment action in response to a prima facie showing of retaliation). Nor does Plaintiff's evidence demonstrate that Defendant's reasons were pretextual. *See id.* (explaining that, in response, the employee must demonstrate that the employer's reasons for the adverse action are pretextual and carry the ultimate burden of persuasion to prove intentional discrimination). Defendant made an undisputed showing that all of the actions upon which Plaintiff relies to demonstrate pretext were contemplated by its comprehensive staff reorganization plan or were otherwise pursued under the plan's legitimate, more long-term, cost-saving goals. [1 RP 133-38] Plaintiff does not establish otherwise on appeal. We remain persuaded that Plaintiff's arguments in opposition to summary judgment and to our notice rely on a subjective belief that Defendant's staff reorganization plan was pretextual and that Defendant's business decision would not serve its long-term, cost-saving goals. We hold that her arguments are insufficient to defeat summary judgment. *Cf. Cordova v. N.M. State Tax'n & Revenue*, 2005-NMCA-009, ¶ 16, 136 N.M. 713, 104 P.3d 1104 (explaining that a party's testimony as to his or her subjective belief without factual support for that belief was insufficient to create a genuine issue of material fact).

**{3}** To the extent that Plaintiff asserts that Mr. Conkling's statement discouraging her from pursuing her discrimination charge, alone, constitutes evidence of retaliation [MIO 2], Plaintiff appears to raise a separate claim, not clearly raised as the basis for a distinct action below. We also note that the factual basis for Plaintiff's abandoned discrimination charge, described in our notice, is far from conclusive or persuasive evidence of discrimination. [CN 3-4; 1 RP 65-66, 72] Lastly, while Mr. Conkling's statement about Plaintiff's discrimination charge may have been ill-advised, Plaintiff does not explain why or persuade us that this statement shows error in the grant of summary judgment on her retaliation claim for her termination, which was contemplated by the staff organization plan and approved by an independent body months after she had abandoned her underwhelming discrimination charge. [1 RP 176-77] *See Garcia-Montoya*, 2001-NMSC-003, ¶ 39 (stating that it is the employee's ultimate burden of persuasion to establish intentional discrimination).

**{4}** For the reasons set forth above and in our notice, we affirm the district court's grant of summary judgment in favor of Defendant.

**{5}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**